
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARNEY NG,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>WELLS FARGO FOOTHILL LLC, a Delaware limited liability company; WELLS FARGO CAPITAL FINANCE, LLC, a Delaware limited liability company; WELLS FARGO BANK, NA,<br><br>          Defendants - Appellees. | No. 13-56508<br><br>D.C. No. 2:12-cv-08942-MMM-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted October 23, 2015
Pasadena, California

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

Appellant Barney Ng appeals the district court's dismissal of his complaint

with prejudice.  Ng contends that the district court improperly exercised

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jurisdiction despite a lack of complete diversity of citizenship. On the merits, Ng posits that the district court misapplied California law in holding that Wells Fargo Foothill LLC was "not a stranger" to the contract for the purpose of assessing Ng's claim of intentional interference with contractual relations.

1.  The district court had jurisdiction because there is complete diversity of citizenship among the parties. As a national bank, Wells Fargo Bank N.A. "is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 709 (9th Cir. 2014). Ng is a citizen of California, Wells Fargo Foothill LLC is a citizen of Delaware, and Wells Fargo Bank N.A. is a citizen of South Dakota, where its main office is located, thereby establishing complete diversity of citizenship among the parties.

2.  Since the district court rendered its decision, we have decided two cases that potentially undermine the district court's reliance on *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825 (9th Cir. 2001). *See Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1126 (9th Cir. 2014) (noting that several recent decisions from the California appellate courts "have rejected *Marin Tug*'s interpretation"). In *United National Maintenance, Inc. v. San*

*Diego Convention Center, Inc.*, 766 F.3d 1002, 1007 (9th Cir. 2014), we noted that *Marin Tug* addressed intentional interference with prospective economic advantage rather than intentional interference with contractual relations. As in *Fresno Motors*, we also discussed the California appellate courts' disagreement with the analysis in *Marin Tug*. *See id.* at 1007-08.

Because the district court did not have the benefit of these decisions when making its ruling, we remand for the district court to consider the impact of these cases, if any, on its prior ruling.

**REMANDED.**